RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/27/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MELVIN JOHNSON | DOCKET NO. 1:12-CV-3145; SEC. P |
| VERSUS | JUDGE DRELL |
| JAMES M. LEBLANC; ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jason Melvin Johnson filed the instant civil rights complaint (42 U.S.C. §1983) on December 18, 2012. His motion for leave to proceed in forma pauperis was granted on January 4, 2013. [Doc. #4] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at Winn Correctional Center in Winnfield, Louisiana. He names as defendants James Leblanc, Tim Keith, Corrections Corporation of America (CCA), Mona Heyse, Valerie Marshall, and Nicole Walker. He complains of the conditions of his confinement and claims that his due process rights have been violated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that on August 22, 2012, he filed an Administrative Remedy Procedure complaining that Warden Walker and Valerie Marshall are forcing him to work in an unsafe kitchen at WNC. The ARP was accepted by Defendant Mona Heyse on September 12, 2012. Plaintiff complains that the ARP was supposed to be

addressed within forty days, and Heyse failed to respond in the designated time frame.

Plaintiff also complains about his job assignment in the WNC kitchen, which he believes is a "dangerous and hazardous environment." He alleges that the ceiling tile in the kitchen is not fire resistant, nor does the kitchen have a "properly installed sprinkler system." He claims that the kitchen does not meet fire code standards. Plaintiff further alleges that there are no fire extinguishers on the tiers, nor is there a properly installed sprinkler system.

### Law and Analysis

1. **Due Process**

Plaintiff complains that Heyse did not respond to his ARP within forty days in violation of his right to d. The narrowing of prisoner due process protections announced in Sandin v. Conner, 515 U.S. 472 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. See Taylor v. Cockrell, 2004 WL 287339 at *1 (5th Cir. Feb. 12, 2004)(not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); see also

Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (Burger, C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(quotation omitted)(holding that a prison grievance procedure is not a substance right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate claim of entitlement to a grievance procedure.").

As Plaintiff points out, filing a grievance is a condition precedent to filing a suit arising under §1983, see 42 U.S.C.1997e(a); however, the ineffectiveness or altogether absence of a grievance process does not give rise to a constitutional claim. See Duckworth v. Hutchins State Jail, 2009 WL 812217, *2 (N.D.Tex.), 3:08-CV-2214; Giddings v. Valdez, 2007 WL 1201577, *3 (N.D.Tex.), 3:06-CV-2384; Hamdan v. Copes, 2006 WL 1831532, *14 (W.D.La.), 05-CV-1293; Dickey v. Snead, 2004 WL 2607966 (N.D.Tex),

3:04-CV-2410.

2. **Conditions of Confinement**

Plaintiff claims that inadequate fire safety measures are subjecting him to unconstitutional conditions of confinement. As with any safety risk, the Eighth Amendment requires that prison officials provide adequate fire safety for inmates. Johnson v. Tex. Bd. of Crim. Justice, 281 Fed. Appx. 319, 321 (5th Cir. 2008) (citing Ruiz v. Estelle, 679 F.2d 1115, 1153 (5th Cir. 1982), *modified on other grounds*, 688 F.2d 266 (5th Cir.1982)). Plaintiff has not alleged that any actual harm has occurred as a result of the fire extinguishing system at WNC. He claims that the prison does not meet fire safety codes or regulations. However, "[w]hile fire and electrical codes can be helpful in determining whether a lack of fire safety can constitute a violation of the Eighth Amendment, they are not determinative, and the Eighth Amendment does not require that prisons meet fire and electrical codes." Johnson, 281 Fed. Appx. at 322 (citing Ruiz, 679 F.2d at 1153 and Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir.1995)).

*Conclusion*

For the foregoing reasons, Plaintiff has failed to state a viable Section 1983 claim. Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted.

4

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE